IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| MELANIE MCPIPKIN, | : | |
| Plaintiff, | : | |
| v. | : | CASE NO.: 7:24-CV-99 (WLS) |
| AUTO-OWNERS INSURANCE COMPANY, | : | |
| Defendant. | : | |

### ORDER

Before the Court are Defendant's Motion to Dismiss (Doc. 7), Defendant's Motion for Hearing (Doc. 8), and Defendant's Motion to Stay Discovery (Doc. 9). Therein, Defendant moves to dismiss Plaintiff's initial Complaint (Doc. 1-2), originally filed in Lowndes County Superior Court, and removed to this Court on September 26, 2024. (*See generally* Doc. 1). Defendant also asks for a hearing on that motion, and for a stay of discovery while that motion is pending. (*See generally id.*) Plaintiff, however, has since filed an Amended Complaint (Doc. 12). Generally, an amended complaint supersedes the original complaint. *See e.g.*, *Malowney v. Fed. Collection Deposit Grp.*, 193 F.3d 1342, 1345 n.1 (11th Cir. 1999) (citing *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.3d 594, 601 (5th Cir. 1981)). And renders moot any motion to dismiss that complaint. *See e.g.*, *Dresdner Bank AG, Dresdner Bank AG in Hamburg v. M/V Olympia Voyager*, 463 F.3d 1210, 1215 (11th Cir. 2006). Accordingly, Defendant's Motion to Dismiss (Doc. 7) is **DENIED-WITHOUT-PREJUDICE**, as moot. Because both Defendant's Motion for Hearing (Doc. 8) and Motion to Stay Discovery (Doc. 9) are inextricably connected to that Motion to Dismiss, Defendant's Motion for Hearing, (Doc. 8) and Motion to Stay Discovery (Doc. 9) are **DENIED-WITHOUT-PREJUDICE**, as moot.

**SO ORDERED**, this 5th day of November 2024

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**