**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

MELANIE MCPIPKIN       :
       :
    Plaintiff,       :
       :
v.       :    CASE NO.:  7:24-CV-00099 (WLS)
       :
AUTO-OWNERS INSURANCE       :
COMPANY,       :
       :
    Defendant.       :
       :

## ORDER

Auto-Owners Insurance Company ("Auto-Owners") moves for summary judgment. (Doc. 30) ("the Motion"). After review, the Motion is **DENIED**.

**I.    RELEVANT PROCEDURAL BACKGROUND**

Plaintiff Melanie McPipkin filed suit against Auto-Owners Insurance Company in the Superior Court for Lowndes County on August 27, 2024. (Doc. 1-2). Auto-Owners removed the suit on September 26, 2024. (Doc. 1). McPipkin amended her complaint on October 24, 2024. (Doc. 12). Auto-Owners subsequently untimely filed the instant Motion for Summary Judgment (Doc. 30) on September 2, 2025, one day after the dispositive motion deadline had passed. (Doc. 29). McPipkin responded (Doc. 32) and the time for Auto-Owners to reply has elapsed with no such submission made.

**II.    STANDARD OF REVIEW**

Under Federal Rule of Civil Procedure 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

1

> (B) showing that the materials cited do not establish the absence
> or presence of a genuine dispute, or that an adverse party cannot
> produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). "The court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3). [1]

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "'A genuine issue of material fact does not exist unless there is sufficient evidence favoring the nonmoving party for a reasonable jury to return a verdict in its favor.'" *Grimes v. Miami Dade Cnty.*, 552 F. App'x 902, 904 (11th Cir. 2014) (quoting *Chapman v. AI Transp.*, 229 F.3d 1012, 1023 (11th Cir. 2000)). "An issue of fact is 'material' if it is a legal element of the claim under the applicable substantive law which might affect the outcome of the case." *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "It is 'genuine' if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." *Tipton v. Bergrohr GMBH-Siegen*, 965 F.2d 994, 998 (11th Cir. 1992) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

The movant bears the initial burden of showing, by citing to the record, that there is no genuine issue of material fact. *See Celotex*, 477 U.S. at 323. The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by demonstrating that the nonmoving party has failed to present evidence in support of an element of its case on which it bears the ultimate burden of proof. *See Celotex*, 477 U.S. at 322–24. Once the movant has met its burden, the nonmoving party is required "to go beyond the pleadings and by [the nonmovant's] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Id.* at 324

---

[1] Local Rule 56 requires the movant for summary judgment to attach to the motion a separate statement of the material facts about which the movant contends there is no genuine dispute. M.D. Ga. L.R. 56. The respondent shall attach to its response a separate statement of material facts to which respondent claims there exists a genuine dispute. *Id.* The respondent shall also respond to each of the movant's numbered material facts. *Id.* Here, Auto-Owners complied with Local Rule 56, and McPipkin did not. McPipkin did attach an affidavit to her response, which the Court will consider.

2

(quotation marks omitted). To avoid summary judgment, the nonmoving party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586.

On a motion for summary judgment, the Court must view all evidence and factual inferences drawn therefrom in the light most favorable to the nonmoving party and determine whether that evidence could reasonably sustain a jury verdict. *See Matsushita*, 475 U.S. at 587–88; *Allen,* 121 F.3d at 646. Yet the Court must grant summary judgment if there is no genuine issue of material fact, and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

## III.   FACTUAL BACKGROUND

During Hurricane Idalia, McPipkin's home suffered substantial damage. (Doc. 32-1 ¶¶ 3, 5). Specifically, a large tree fell onto her residence, her roof was destroyed in multiple places, and parts of her home were rendered uninhabitable. (Doc. 12 ¶¶ 12–13). Her home was insured by Auto-Owners and she tendered her claim for damages to Auto-Owners. (Doc. 32-1 ¶¶ 4, 6). To date, McPipkin has paid more for repairs to her home than she received from Auto-Owners under her policy. (*Id.* ¶ 14).

## IV.   DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Auto-Owners moves for summary judgment, arguing that McPipkin's claims fail because neither party engaged in discovery. (Doc. 30).

### A. Failure to Engage in Discovery Does Not Justify a Grant of Summary Judgment

According to Auto-Owners, during the discovery period set forth in the Court's Discovery and Scheduling Order (Doc. 18) and subsequent order extending the discovery period (Doc. 29), "no discovery took place. No depositions occurred, no written discovery requests were exchanged, and no affidavits were produced." (Doc. 30 at 4). McPipkin agrees, noting that both Parties failed to meaningfully engage in discovery. (Doc. 32 at 2). Auto-Owners argues that by failing to identify a witness or information required under Federal Rule of Civil Procedure 26(a), McPipkin will be barred from presenting such evidence at trial. (Doc. 30 at 4). McPipkin responds by arguing she has sufficiently shown a genuine dispute of

3

material fact and requesting the Court defer its ruling on the Motion in accordance with Federal Rule of Civil Procedure 56(d). (Doc. 32 at 3–4).

McPipkin has shown there is a genuine dispute of material fact. "A non-conclusory affidavit which complies with Rule 56 can create a genuine dispute concerning an issue of material fact, even if it is self-serving and/or uncorroborated." *United States v. Stein*, 881 F.3d 853, 858–59 (11th Cir. 2018). McPipkin has produced an affidavit (Doc. 32-1) in accordance with Rule 56 which provides a just-barely-detailed-enough account of the damage to her property, her expense repairing it, her insurance coverage from Auto-Owners, and the fact she has spent more money repairing her property than she received from Auto-Owners under her insurance policy. Auto-Owners disputes McPipkin's claim that her repairs are covered under the policy and compensable. (*See generally* Doc. 15). Accordingly, there is a genuine dispute of material fact which may be tried.

### B. Exclusion Under Rule 37

Auto-Owners argues that Federal Rule of Civil Procedure 37(c)(1) will bar all of McPipkin's evidence from being admitted at trial. (Doc. 30-1 at 4). Rule 37(c)(1) instructs, "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Auto-Owners argues that because no discovery took place, McPipkin failed to disclose the information required by Rule 26(a). (Doc. 30-1 at 4). McPipkin responds that she "was not aware that Defendant had not actually received [her] disclosures" and that any failure to disclose was harmless. (Doc. 32 at 5–6). The Court need not reach these arguments at this time, because neither Party actually moved to exclude evidence[2] and because McPipkin's

---

[2] Indeed, a motion to exclude evidence would likely be speculative and premature at this stage of the proceedings. The true purpose of a motion in limine is to avoid the introduction of evidence at trial that is "clearly inadmissible on all potential grounds" and could irretrievably impact the fairness of trial. *Royal Marco Point 1 Condo. Ass'n v. QBE Ins.*, No. 2:07-cv-16, 2011 WL 470651, at *2 (M.D. Fla. Feb. 2, 2011) (citing *Luce v. United States*, 469 U.S. 38, 41 (1984)). But the context at trial often determines the admissibility of evidence and, for this reason, "i[n] limine rulings to admit or exclude evidence are always preliminary and conditioned on what the evidence shows at trial." *Ohler v. United States*, 529 U.S. 753, 757 n.3 (2000). Furthermore, a trial court can promptly instruct a jury to disregard improper testimony or inadmissible evidence, and "[i]n many such cases the jury can and will follow the trial judge's instructions to disregard such information." *United States v. Astling*, 733 F.2d 1446, 1455 (11th Cir. 1984); *United States v. Fuentes*, 521 F. App'x 911, 911 (11th Cir. 2013). A motion in limine ruling has no impact on counsel's duty to make proper and contemporaneous

affidavit creates a genuine dispute of material fact which resolves the motion for summary judgment. (Doc. 30 at 4).

Additionally, McPipkin points out that Rule 37 does not provide an automatic bar to the admission of her evidence. (Doc. 32 at 5–6). Rule 37(c)(1) allows admission of previously undisclosed evidence where "the failure was substantially justified or harmless." For the reasons just mentioned, the Court will not decide the issue of exclusion at this time, but acknowledges that McPipkin's evidence is not automatically and categorically barred for failure to engage in discovery.

### C. Plaintiff's Request for a Discovery Extension is Improper

McPipkin, in her Response requests more time to complete discovery. (Doc. 32 at 7). Fact discovery concluded on July 31, 2025. (Doc. 29). The Court already granted an untimely request for a discovery extension. (*Id.*) A response to motion for summary judgment is not the proper vehicle in which to request an extension of time to conduct discovery and the Court will not revisit its expired deadlines by way of such a request. *See Watkins v. Regions Mortg. Inc.*, 555 F. App'x 922, 924 (11th Cir. 2014) (per curiam) (affirming denial of requests for discovery submitted after expiration of scheduling order deadlines).

### V.    CONCLUSION

Auto-Owners' Motion for Summary Judgment fails because McPipkin created a genuine issue of material fact via her Rule 56 affidavit. Accordingly, Auto-Owners' Motion for Summary Judgment (Doc. 30) is **DENIED**.

The Motion for Summary Judgment having been denied, this matter is ready for trial. Therefore the trial in this matter is **NOTICED** for the Valdosta Division August 2026 trial term to begin on Monday, August 3, 2026. A separate Order to notice or prepare a proposed pretrial order will be issued by the Court.

**SO ORDERED**, this 5th day of May 2026.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**

---

objections at trial as to any evidence or argument they consider inadmissible or improper. *See Cephus v. CSX Transp., Inc.*, 771 F. App'x 883, 894–95 (11th Cir. 2019).

5